## State of N.Y. ex rel. Edelweiss Fund, LLC v JPMorgan Chase & Co.

2025 NY Slip Op 31770(U)

May 15, 2025

Supreme Court, New York County

Docket Number: Index No. 100559/2014

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

--------------------------------------------------------------------------------X

STATE OF NEW YORK EX REL. EDELWEISS FUND, LLC,

|  |  |  |
|---|---|---|
| | **INDEX NO.** | 100559/2014 |

Plaintiff,

|  |  |  |
|---|---|---|
| | **MOTION DATE** | 04/22/2025 |

- v -

|  |  |  |
|---|---|---|
| | **MOTION SEQ. NO.** | 123 |

JPMORGAN CHASE & CO., CITIGROUP, INC.,M&T
BANK CORPORATION, WELLS FARGO & COMPANY,
MERRILL LYNCH & CO., INC.,MORGAN STANLEY
SMITH BARNEY LLC,JPMORGAN CHASE BANK, N.A.,
J.P. MORGAN SECURITIES LLC,J.P. MORGAN
SECURITIES, INC.,CITIBANK, N.A, CITIGROUP GLOBAL
MARKETS, INC.,CITIGROUP FINANCIAL PRODUCTS,
INC.,CITIGROUP GLOBAL MARKETS HOLDINGS,
INC.,M&T BANK, BANK OF AMERICA CORPORATION,
BANK OF AMERICA N.A., BANC OF AMERICA
SECURITIES LLC,MERRILL LYNCH, PIERCE, FENNER &
SMITH INC.,BOFA MERRILL LYNCH ASSET HOLDINGS,
INC.,MORGAN STANLEY, MORGAN STANLEY & CO.
LLC,MORGAN STANLEY BANK, N.A., MORGAN
STANLEY CAPITAL SERVICES INC.,MORGAN STANLEY
CAPITAL GROUP INC.,

**DECISION + ORDER ON
MOTION**

Defendant.

--------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 123) 3233, 3234, 3235, 3239

were read on this motion to/for              REARGUMENT/RECONSIDERATION              .

Upon the foregoing documents, Relator's motion brought pursuant to CPLR 2221(d) is

GRANTED.

Simply put, as relevant, the Prior Decision (hereinafter defined) dismissed Relator's VRDO (as

such term is defined in the Prior Decision) conduit bond claims with prejudice brought under the

NYSFCA (hereinafter defined) because there are no issues of fact under NYSFCA §192(2) as to

**100559/2014   EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**
Motion No.  123

**Page 1 of 12**

[* 1]

whether the State of New York had incurred any *actual* damages with respect to the conduit VRDOs. [1] As discussed below, the motion for leave to reargue must be granted.

The Court overlooked or misapprehended that proof of actual damages is not required under the NYSFCA for Relator to be entitled to seek civil penalty (CPLR §2221 [d]). The NYSFCA is the state counterpart to the Federal False Claims Act (the **FCA**; 31 USC §§ 3729-3733), and like the FCA, actual damages is not an element of a NYSFCA based claim. NYSFCA §192(2) like FCA § 3731(d) merely clarifies that the applicable burden of proof which must be satisfied is "preponderance of the evidence," and not "clear and convincing evidence."

Thus, the motion seeking reargument must be granted, and upon reargument, the Prior Decision must be modified to provide that Relator's VRDO conduit bond claims brought under the NYSFCA are dismissed with prejudice solely to the extent that they seek actual damages, but are not dismissed to the extent that they seek civil penalty (*see Rex Trailer Co. v United States*, 350 US 148, 153, n 5 [1956] [citing *U. S. ex rel. Marcus v Hess*, 41 F Supp 197, 212 (WD Pa 1941) ("It is insisted, however, that the failure of the Government to allege specific damages precludes recovery here. But there is no requirement, statutory or judicial, that specific damages be shown, and this was recognized by the Court in Marcus…On several of the projects involved in the Marcus case, fraud was discovered by the Government in time for payments to be withheld. At trial in the District Court defendants urged that there could be no recovery of a penalty or forfeiture in these instances where no actual damage could be shown. The District Court held

---

[1] The underlying premises of dismissing the VRDO conduit bond claims to the extent that Relator seeks civil penalties as well as actual damages being that actual damages is an essential element of a NYSFCA claim. As discussed below, this was not correct. The Court should have dismissed those claims solely to the extent that Relator seeks actual damages.

**100559/2014   EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**                                                          **Page 2 of 12**
**Motion No.  123**

[* 2]

that failure to show actual damage in these instances would not preclude recovery under the statute")]; *U.S. ex rel. Grubbs v Kanneganti*, 565 F3d 180, 183-184,189 [5th Cir 2009] ["The False Claims Act prohibits, in relevant part, 1) the presentment of a false claim to the Government, 2) the use of a false record or statement to get a false claim paid, and 3) conspiracies to get a false claim paid. Liability for violation includes a liquidated civil penalty and damages, which need not be shown to state a claim but which if shown will be doubled and may be trebled…it *protects* the Treasury from monetary injury. Put plainly, the statute is remedial and exposes even unsuccessful false claims to liability. A person that presented fraudulent claims that were never paid remains liable for the Act's civil penalty"]).

## DISCUSSION

Reference is made to a prior Decision and Order of this Court (the **Prior Decision**; NYSCEF Doc. Nos. 3205-3214), dated April 4, 2025, pursuant to which, as relevant, the Court dismissed Relator's New York State False Claims Act (**NYSFCA**) claims pursuant to NYSFCA §192(2) as to VRDO conduit bonds because there are no issues of fact as to whether the State of New York had incurred any actual damages with respect to the conduit VRDOs.

Relator now moves pursuant to CPLR 2221(d) seeking reargument arguing that the Court should not have dismissed the VRDO conduit bond based claims to the extent that Relator is entitled to seek civil penalties in respect of VRDO conduit bonds if Relator meets its statutory burden of proof at trial in demonstrating that these claims were knowingly falsely submitted in violation of the NYSFCA. As discussed below, they are correct.

**100559/2014   EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**
**Motion No.  123**

**Page 3 of 12**

3 of 12

According to Relator, civil penalties must be assessed whenever a false claim is knowingly submitted regardless of any fiscal impact on the government. More specifically, Relator argues that the elements of a NYSFCA claim are (i) claim submission, (ii) falsity, (iii) scienter and (iv) materiality (*see, e.g.*, *U.S. ex rel. Grubbs v Kanneganti*, 565 F3d 180, 184-85 [5th Cir 2009]; *State ex rel. Edelweiss Fund, LLC v JP Morgan Chase & Co.*, 189 AD3d 723 [1st Dept 2020] ["'(t)o state a claim under the New York False Claims Act (NYFCA), found at sections 187-194 of chapter 56, article XIII of the State Finance Law, the relator in this qui tam action must allege facts showing that defendants knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or local government (State Finance Law § 189 [1] [g])."]). Actual damages is not an element. It is a remedy where NYSFCA §192(2) makes clear that if actual damages are sought, actual damages must be proved by a preponderance of the evidence (and not clear and convincing evidence).

To wit, Relator argues that the NYSFCA follows the FCA. The FCA is a quasi-penal fraud statute with treble damages and penalties. Prior to 1986, it was unclear as to whether plaintiffs were required to prove their case by a preponderance of the evidence or clear and convincing evidence. Indeed, according to Relator, there was a split in the Circuit courts. Congress resolved the split by adding 31 U.S.C. § 3731(d) to make clear that a preponderance of the evidence standard applies both to the elements of a FCA claim and when they are sought, to FCA damages.

Section 3729(a) of the FCA titled "Liability for certain acts" provides:

(1) In general.--Subject to paragraph (2), any person who--
    (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
    (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
    (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
    (D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;
    (E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;
    (F) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or
    (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,

    is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410[1]), plus 3 times the amount of damages which the Government sustains because of the act of that person.

(2) Reduced damages.--If the court finds that--
    (A) the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;
    (B) such person fully cooperated with any Government investigation of such violation; and
    (C) at the time such person furnished the United States with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation,

    the court may assess not less than 2 times the amount of damages which the Government sustains because of the act of that person.

(3) Costs of civil actions.--A person violating this subsection shall also be liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages.

**100559/2014   EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**        **Page 5 of 12**
**Motion No.  123**

[* 5]

(31 USCA § 3729 [a]).

Subsection 3731(d) of the FCA titled "False claims procedure" provides:

> (d) In any action brought under section 3730, the United States shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence.

(*id.* § 3731 [d]).

In support of its position and relying on *Hendrix ex rel. United States v J-M Mfg. Co., Inc.*, 76 F4th 1164, 1173 n 5 (9th Cir 2023); *Rex Trailer Co. v United States*, 350 US 148, 152 n 5 (1956); *U.S. ex rel. Bunk v Gosselin World Wide Moving, N.V.*, 741 F3d 390, 404 (4th Cir 2013) ("[T]he FCA 'provides for penalties even if (indeed, especially if) actual loss is hard to quantify.'); *United States ex rel. Grubbs v. Kanneganti*, 565 F3d 180, 189 (5th Cir 2009) ("The False Claims Act lacks the elements of reliance and damages. Rather, it protects the Treasury from monetary injury."); *Daewoo Engineering & Constr. Co. v United States*, 557 F3d 1332, 1341 (Fed Cir 2009) ("Because the court did not find that the government incurred damages from Daewoo's false claim, the court properly assessed only the statutory penalty."); *United States ex rel. Sanders v Am.-Amicable Life Ins. Co. of Texas*, 545 F3d 256, 259 (3d Cir 2008) ("[A] party can be subject to FCA liability (*i.e.* civil penalties) even where the government suffers no monetary injury."); *Varljen v Cleveland Gear Co.*, Inc., 250 F3d 426, 429 (6th Cir 2001) ("recovery under the FCA is not dependent upon the Government's sustaining monetary damages"); *United States ex rel. Schwedt v Planning Rsch. Corp.*, 59 F3d 196, 199 (DC Cir 1995) ("[T]he submitter of the 'false claim' or 'false statement' is liable for a civil penalty, regardless of whether the submission of the claim actually causes the government any damages;

**100559/2014  EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**
**Motion No.  123**

**Page 6 of 12**

6 of 12

even if the claim is rejected, its very submission is a basis for liability."); *United States v Killough*, 848 F2d 1523, 1533-34 (11th Cir 1988) ("Even if no payment was made on a claim or the government cannot prove actual damages, a forfeiture shall be awarded on each false claim submitted."); *United States ex rel. Morsell v Norton Lifelock*, 651 FSupp3d 95, 195-96 (DDC 2023) (finding the United States entitled to penalties "regardless of whether they also prove actual damages."), Relator argues that the federal case law is uniform in holding that a statutory penalty may be imposed for violating the FCA and that there is no requirement that actual damages be shown.

Additionally, and as discussed above, Relator argues that the legislative history makes clear that the purpose of adding Section 31 USC § 3731(d) was to clarify the applicable standard of proof, including when actual damages are sought, not to add an element to the cause of action thus eviscerating civil penalties where no actual economic harm is suffered by the government (NYSCEF Doc. No. 3234 at 3-4 [citing S. REP. NO. 345, 99th Cong., 2d Sess. at 31 (July 28, 1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5296 (§ 3731(d) imposes a preponderance standard because "this point is not expressly addressed in the current act, and the caselaw is fragmented and inconsistent"); *United States ex rel. Emanuele v Medicor Assocs.*, No. CV 10-245, 2017 WL 4867614, at *7 (WD Pa Oct 26, 2017) (clarification to federal FCA in 31 USC § 3731(d) was added to reconcile "a divergence of authority in the circuit courts with respect to the applicable standard of proof in FCA cases.")]).

**100559/2014   EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**                                    **Page 7 of 12**
 **Motion No.  123**

7 of 12

Relator further argues that the legislative history makes clear that this amendment was not designed to alter the *status quo* concerning the recoverability of penalties in the absence of damages:

> "The imposition of this [civil penalty] is automatic and mandatory for each claim which is found to be false. The United States is entitled to recover such forfeiture *solely upon proof that false claims were made, without proof of any damages*…. A forfeiture may be recovered from one who submits a false claim even though no payments were made on the claim." S. REP. NO. 345, 99th Cong., 2d Sess., at 8 (July 28, 1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5273 (emphasis added).

(NYSCEF Doc. No. 3234).

Section 189 of the NYSFCA provides:

> 1. Subject to the provisions of subdivision two of this section, any person who:
>
> (a) knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval;
>
> (b) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> (c) conspires to commit a violation of paragraph (a), (b), (d), (e), (f) or (g) of this subdivision;
>
> (d) has possession, custody, or control of property or money used, or to be used, by the state or a local government and knowingly delivers, or causes to be delivered, less than all of that money or property;
>
> (e) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the state or a local government and, intending to defraud the state or a local government, makes or delivers the receipt without completely knowing that the information on the receipt is true;
>
> (f) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the state or a local government knowing that the officer or employee violates a provision of law when selling or pledging such property;

**100559/2014   EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**                **Page 8 of 12**
  Motion No.  123

8 of 12

[* 8]

(g) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a local government; or

(h) knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state or a local government, or conspires to do the same; shall be liable to the state or a local government, as applicable, for a civil penalty of not less than six thousand dollars and not more than twelve thousand dollars, as adjusted to be equal to the civil penalty allowed under the federal False Claims Act, 31 U.S.C. sec. 3729, et seq., as amended, as adjusted for inflation by the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended (28 U.S.C. 2461 note; Pub. L. No. 101-410), plus three times the amount of all damages, including consequential damages, which the state or local government sustains because of the act of that person.

2. The court may assess not more than two times the amount of damages sustained because of the act of the person described in subdivision one of this section, if the court finds that:

(a) the person committing the violation of this section had furnished all information known to such person about the violation, to those officials responsible for investigating false claims violations on behalf of the state and any local government that sustained damages, within thirty days after the date on which such person first obtained the information;

(b) such person fully cooperated with any government investigation of such violation; and

(c) at the time such person furnished information about the violation, no criminal prosecution, civil action, or administrative action had commenced with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation.

3. A person who violates this section shall also be liable for the costs, including attorneys' fees, of a civil action brought to recover any such penalty or damages.

4. (a) This section shall apply to tax law violations only if: (i) the net income or sales of the person against whom the action is brought equals or exceeds one million dollars for any taxable year subject to any action brought pursuant to this article; and (ii) the damages pleaded in such action exceed three hundred and fifty thousand dollars; provided that for purposes of applying paragraph (h) of subdivision one of this section to a tax law violation, the person is alleged to have knowingly concealed or knowingly and improperly avoided an obligation to pay taxes to the state or a local government.

(b) The attorney general shall consult with the commissioner of the department of taxation and finance prior to filing or intervening in any action under this article that is based on a violation of the tax law. If the state declines to participate or to authorize

[* 9]

participation by a local government in such an action pursuant to subdivision two of section one hundred ninety of this article, the qui tam plaintiff must obtain approval from the attorney general before making any motion to compel the department of taxation and finance to disclose tax records.

(State Finance Law § 189).

Section 192(2) titled "Limitations of Actions, Burden of Proof" uses similar language:

In any action brought under this article, the state, a local government that participates as a party in the action, or the person bringing the qui tam civil action, shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence.

(*id.* § 192 [2]).

Although Relator indicates that it can not identify a case interpreting § 192(2) of the NYSFCA, Relator argues that nothing in the structure of the statute or the legislative history suggests that it should be interpreted any differently than its federal counterpart, 31 USC § 3731(d) to make actual damages an element of NYSFCA cause of action such that civil penalties could not be sought in the absence of actual damages. The Court agrees.

In the opposition papers, and relying on certain dicta in a concurring opinion in *Wisconsin Bell, Inc. v United States ex rel. Heath*, 145 S Ct 498, 508-515 (2025) (Thomas, J., concurring), the defendants argue, among other things, that the Court was correct in dismissing the conduit based claims. They are not correct. The referred to dicta addressed the question as to whether a "claim" exists under the FCA where no government money was implicated— *i.e.*, the absence of a "sufficiently close nexus" between the government and "the defrauded entity or program" such that a loss to the defrauded entity is effectively a loss to the government (*id.* at 510-511). This

**100559/2014 EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**
**Motion No. 123**

**Page 10 of 12**

10 of 12

[* 10]

dicta is simply not implicated as to the issue of whether actual damages are required to seek civil penalty. As to whether a claim exists (*i.e.*, the issue addressed by the *Wisconsin Bell* dicta), the Appellate Division held in rejecting this precise argument:

> [b]y issuing conduit bonds, the state "made the funds available," thereby "providing" money within the meaning of the New York False Claims Act
> …
> M&T, in its motion papers, acknowledged that, under conduit VRDOs, a "government entity issues the bonds, and then loans the proceeds from the bond issuance to the private entity for the private entity's project." Given the possible involvement of government funds in these financing transactions, the court appropriately declined to dismiss the NYFCA claim (and, in turn, the conspiracy allegations as to M&T) as to the conduit VRDOs at the pleading stage.

(*Edelweiss*, 189 AD3d at 725-726). Nothing in discovery has revealed anything which suggests the opposite. The absence of actual damages makes it no less a claim because, among other things, NY State was reimbursed and given the preferential tax treatment afforded in issuing these bonds.

Thus, the motion seeking leave to reargue is granted and upon reargument the Prior Decision must be modified to provide that Relator's VRDO conduit bond claims brought under the NYSFCA are dismissed with prejudice solely to the extent that they seek actual damages but are not dismissed to the extent that they seek civil penalty. For the avoidance of doubt, Relator is entitled to proceed to trial (i) as to its conduit VRDO bond claims seeking civil penalties and (ii) as to its non-conduit VRDO bond claims seeking both civil penalties and three times the amount of all damages, including consequential damages, which the government sustained as provided for in the NYSFCA (State Finance Law § 189 [1] [a-h]).

The Court has considered the defendants remaining arguments and finds them unavailing.

**100559/2014   EDELWEISS FUND, LLC, vs. JP MORGAN CHASE**
**Motion No.  123**

**Page 11 of 12**

11 of 12

[* 12]

Accordingly, it is hereby ORDERED that Relator's motion to reargue is GRANTED and upon

reargument that the Prior Decision is modified as set forth above.

20250515124617AB0RR0K89C5F34296CE441487D3397F564FF329

__5/15/2025__
DATE

ANDREW BORROK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

100559/2014   EDELWEISS FUND, LLC, vs. JP MORGAN CHASE                                        Page 12 of 12
Motion No.  123

12 of 12